United States District Court

For the Northern District of California

1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT
7
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   STEVE SIMS,
10          Plaintiff,                         No. C 12-05275 JSW
11   v.
12   WORLDPAC, INC.,                          **ORDER GRANTING MOTION**
                                              **FOR SUMMARY JUDGMENT**
13          Defendant.
                                    /
14
15          Now before the Court is the motion for summary judgment filed by Defendant
16   WorldPac, Inc. ("WorldPac").  Having carefully reviewed the parties' papers and the relevant
17   legal authority, the Court GRANTS WorldPac's motion for summary judgment.
18                              **BACKGROUND**
19          Plaintiff Steve Sims ("Sims") was hired by WorldPac in 1978 and was working as a
20   Regional Director of Operations until May 24, 2011, when Defendant terminated his
21   employment.  (First Amended Complaint ("FAC") ¶¶ 1, 7, 22-23.)
22          In May 2010, Sims traveled to California and testified at a deposition in a case brought
23   against WorldPac by a former employee, who claimed WorldPac had wrongfully terminated
24   him.  Sims claims that his deposition testimony contradicted WorldPac's position that the
25   employee had performed poorly.  WorldPac settled the matter three months after Sims'
26   deposition.  (*Id.* ¶¶ 9-13.)
27          Sims alleges that in November 2010, Worldpac's President, Bob Cushing ("Cushing")
28   and its Senior Vice President of Operations, Patrick Healy ("Healy") called him from California

and told him that "to keep his job he would have to relocate from his home in Arkansas (where he had been working from home for four years) and move to a WorldPac office in Texas." (*Id.* ¶ 14.)

On May 24, 2011, Cushing and WorldPac's Human Resources Manager, Ryan Caldwell, met with Sims and informed him that he was terminated. At the time WorldPac terminated him, Sims was nearly 57. (*Id.* ¶¶ 26-27.)

On September 7, 2012, Plaintiff filed a complaint in the Superior Court for the County of Alameda. Defendant removed the action to this Court on October 12, 2012 and on November 2, 2012, Plaintiff filed his first amended complaint, alleging that Defendant: (1) retaliated against him in violation of California's Fair Housing and Employment Act ("FEHA"), California Government Code section 12940(h) (the "FEHA retaliation claim"); (2) discriminated against him on the basis of his age, in violation of FEHA (the "FEHA discrimination claim"), Government Code section 12940(a) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); (3) wrongfully terminated him in violation of public policy; and (4) engaged in fraud and deceit (the "fraud claim").

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.      Legal Standard on Motion for Summary Judgment.**

Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "[A]t the summary judgment stage the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. A fact is "material" if it may affect the outcome of the case. *Id.* at 248. The party moving for summary judgment bears the initial responsibility of identifying those portions of the record which demonstrate the absence of a genuine issue of a

**United States District Court**
For the Northern District of California

1    material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the absence of such facts,

2    "the moving party is entitled to a judgment as a matter of law." *Celotex,* 477 U.S. at 323.

3          Once the moving party meets this initial burden, the non-moving party "may not rest

4    upon the mere allegations or denials of the adverse party's pleading, but the adverse party's

5    response, by affidavits or as otherwise provided in this rule, must set forth specific facts

6    showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the non-moving party

7    fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*,

8    477 U.S. at 323.

9    **B.      FEHA Claims.**

10         WorldPac moves for summary judgment on Plaintiff's FEHA claims on the basis that

11   FEHA cannot be applied extraterritorially. In general, there is a presumption that the

12   "Legislature did not intend a statute to be operative, with respect to occurrences outside the

13   state, . . . unless such intention is clearly expressed or reasonably to be inferred from the

14   language of the act or from its purpose, subject matter or history." *Sullivan v. Oracle Corp.*, 51

15   Cal. 4th 1191, 1207 (2011) (holding that unfair competition law could not be used by non-

16   residents to assert a claim based on alleged violations of the Fair Labor Standards Act for

17   failure to pay overtime for worked performed in states other than California).

18         FEHA "was not intended to apply to non-residents where . . . the tortious conduct took

19   place out of this state's territorial boundaries." *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th

20   1850, 1852 (1996); *see also Gonsalves v. Infosys Technologies, Inc.*, 2010 WL 1854146, at *5

21   (N.D. Cal. May 6, 2010) (relying on *Campbell* to dismiss FEHA claim brought by non-resident

22   plaintiff). Although at the pleading stage, the Court did not dismiss Sims' claims based on the

23   finding that Sims' allegations were sufficient to satisfy the motion to dismiss standard to

24   establish territorial application of FEHA, the Court now holds that, upon review of the

25   developed factual record, there is no basis to apply FEHA to this matter.

26         There is no evidence in the record that any potentially violative conduct occurred in

27   California. The fact that WorldPac's principal office and corporate headquarters are in Newark,

28   California is insufficient to establish to apply FEHA extraterritorially. *See Campbell*, 42 Cal.

United States District Court

For the Northern District of California

1   App. 4th at 1859.  All of the discussions about Defendants' restructuring decision and meetings

2   regarding Plaintiff's termination took place outside of California.  (Declaration of Mary D.

3   Walsh ("Walsh Decl."), Ex. C (Cushing Tr.) at 49:8-50:1, 68:9-16, 89:3-5; Ex. B (Healy Tr.) at

4   101:3-9. 118:25-119:7.)  Sims' contentions that his superiors' decisions to terminate him and

5   the conduct of the company to ratify the decision took place in California are not based on

6   personal knowledge and are based merely on speculation.  (Sims Declaration at ¶ 21; Opp. Br.

7   at 12, 14.)  These opinions are therefore not admissible evidence of conduct occurring within

8   California.  *See* Fed. R. Evid. 602, 701.

9       Because Plaintiff has not demonstrated by admissible evidence that there was sufficient

10  conduct which took place within California, the Court finds that Plaintiff's causes of action for

11  violation of FEHA, and the derivative causes of action for wrongful termination, must be

12  dismissed.

13  **C.    Retaliation Claim.**

14      Sims alleges that he was terminated as a result of his testimony by deposition in an

15  unrelated matter.  In order to prevail on a retaliation claim, a plaintiff must establish a prima

16  facie case by demonstrating:  (1) he engaged in a statutorily protected activity; (2) he suffered

17  an adverse employment action; and (3) a causal connection exists between the protected activity

18  and the adverse employment action.  *Rav v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000);

19  *Flait v. North American Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992).  As with a

20  discrimination claim, the burden then shifts to the employer to show a legitimate

21  nondiscriminatory reason for the adverse employment action.  If the employer meets this

22  burden, the plaintiff must then demonstrate that the employer's reason was merely pretext.

23  *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 504 n.4 (9th Cir. 1989).

24      Sims alleges that he engaged in protected activity when he testified against WorldPac's

25  interests in an unrelated lawsuit involving a former employee.  Sims was later terminated.  The

26  only dispute is whether a causal connection exists between the protected activity and the

27  adverse employment action.  Sims contends that he started to encounter differential treatment

28  immediately after he testified and that he was terminated eleven months later.  (*See* Walsh

United States District Court

For the Northern District of California

1    Decl., Ex. A (Sims Tr.) at 163:9-25.)  However, Plaintiff cannot establish a causal link between

2    his deposition testimony and any adverse action because there is no evidence in the record to

3    demonstrate that the decision-makers were aware of Plaintiff's protected activity and certainly

4    no evidence that they had any knowledge of the content of his testimony.  (*See* Walsh Decl., Ex.

5    C (Cushing Tr.) at 44:14-24; Ex. B (Healy Tr.) at 66:9-23.)

6           Secondly, as a matter of law, there is a significant time gap between the date of

7    Plaintiff's deposition in the unrelated matter and the decision to terminate Plaintiff.  The events

8    are too far removed to demonstrate a causal connection between the protected activity and the

9    adverse employment action.  *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018,

10    1036 (9th Cir.  2006).[1]

11           Accordingly, the Court GRANTS summary judgment on Plaintiff's claim for retaliation.

12   **D.**       **Age Discrimination Claim.**

13           Plaintiff also brings a claim for age discrimination pursuant to the Age Discrimination in

14    Employment Act ("ADEA") which prohibits "arbitrary age discrimination in employment."  29

15    U.S.C. § 621(b).  The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or

16    to discharge any individual [who is at least 40 years of age] . . . because of such individual's

17    age."  *Id.* at §§ 623(a), 631(a).  To succeed on his claim, Sims must demonstrate that age

18    actually motivated WorldPac's decision to terminate him.  *See Reeves v. Sanderson Plumbing*

19    *Products, Inc.*, 530 U.S. 133, 141 (2000).

20           Sims bears the initial burden of establishing a prima facie case of discrimination.  If he

21    establishes a *prima facie* case, the burden then shifts to WorldPac to articulate a legitimate

22    nondiscriminatory reason for its employment decision.  Then, in order to prevail, Plaintiff must

23    demonstrate that Defendant's alleged reason for the adverse employment decision is a pretext

24    for another motive which is discriminatory.  *See Schnidrig v. Columbia Machine, Inc.*, 80 F.3d

---

25

26           [1] Plaintiff's contention that the decision to relocate him to Texas and not to reimburse
his commuting expenses constitutes an adverse decision that is closer in time to the

27    deposition is not persuasive.  The decision to relocate Plaintiff does not constitute an adverse
employment decision and there was no agreement that WorldPac reimburse Plaintiff's

28    commuting (not relocation) expenses.  *See, e.g., Tyler v. Ispat Island, Inc.*, 245 F.3d 969, 972
(7th Cir. 2001) (holding that employee's transfer to a different work location with same pay
and benefits does not constitute an adverse employment action).

United States District Court

For the Northern District of California

1406, 1409 (9th Cir. 1996) (citation omitted).  To succeed on his claim for age discrimination, Plaintiff must demonstrate that age actually motivated Defendant's decision to terminate him. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

Plaintiff may establish a *prima facie* case either by direct evidence of discriminatory intent or by circumstantial evidence demonstrating he was "(1) a member of the protected class (age 40-70); (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1997).

Due to his age at termination of 56, Plaintiff can establish that he was a member of the protected class and there is no dispute that he was discharged.  However, Plaintiff has not demonstrated based on undisputed facts that he was replaced by a substantially younger employee.  The evidence in the record demonstrates that the corporate restructuring effectively eliminated Sims' position with the company.  (*See* Cushing Declaration at ¶¶ 11-12; Healy Declaration at ¶ 4.)

The burden then shifts to Plaintiff to demonstrate that the reason for his termination was a pretext for another, discriminatory motive.  Plaintiff merely testifies that it was his subjective belief that his age was a factor in his termination, but proffers no evidence in support of that speculation.  Further, the undisputed evidence establishes that the new position brought about by the company's restructuring did not match Plaintiff's skills set.  (*See* Walsh Decl., Ex. B (Healy Tr.) at 91:8-92:1, 92:8-20; Ex. C (Cushing Tr.) at 73:7-74:1, 74:12-75:3, 75:11-76:11, 79:14-80:1, 80:17-81:18.)

To demonstrate pretext, the only evidence before the Court is Plaintiff's single allegation that his supervisor Healy called him "grandpa."  (*See* Walsh Decl., Ex. A (Sims Tr.) at 174:20-175:10.)  The Ninth Circuit has held that similar kinds of statements were merely "stray" remarks and, thus, were insufficient to create a genuine issue of fact regarding age discrimination. *See Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438-39 (9th Cir. 1990) (holding that hiring supervisor's statement that he hired a younger employee over plaintiff because he was "bright, intelligent, knowledgeable young man" was a stray remark insufficient

6

United States District Court

For the Northern District of California

to create an inference of age discrimination); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284-85 (9th Cir. 2000) (holding that employer's statement that plaintiff was not "young and promotable" did not give rise to suspicions of age discrimination); *Nesbit v. Pepisco*, 994 F.2d 703, 705 (9th Cir. 1993) (holding that employer's statement that "[w]e don't necessarily like grey hair" did not support inference of discriminatory motive). Plaintiff's supervisor's alleged statement about his being a grandfather does not create an inference of age discrimination. Accordingly, this allegation is insufficient to create a genuine issue of fact regarding pretext.

Having failed to raise a disputed fact demonstrating that Defendant's articulated reason for termination is pretextual, either directly or indirectly, the Court GRANTS summary judgment on Plaintiff's claim for discrimination based on age.

**E.     Fraud Claim.**

Under California law, the "elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, *i.e.,* to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (citations omitted).

Sims alleges that Cushing and Healy made false representations when they informed Sims that he had to relocate to the Texas office. Sims alleges and testifies that his superiors at WorldPac falsely represented that he needed to relocate when they had no intention of continuing his employment and that, as a result of his relocation, he incurred commuting expenses. (*See* FAC at ¶¶ 64-67.) However, there is no evidence in the record to support the assertion that Defendant induced Sims to move with the intention of terminating his employment or failed to reimburse commuting expenses based on any agreement between the parties. (*See* Walsh Decl., Ex. B (Healy Tr.) at 87:14-18.) There is no support for the suggestion that either Cushing or Healy ever indicated they asked Sims to move in order to make him quit. (*See* Cushing Decl. at ¶ 7.) Sims' contention that he thought his superiors both wanted and expected him to quit because he owned a home in Arkansas is not based on Sims'

1   personal knowledge, but rather is based on pure speculation.  (*See* Opp. Br. at 18, 25.)

2   Furthermore, the evidence indicates otherwise; both of Sims' superiors at WorldPac asked him

3   to relocate to Texas fully expecting him to move offices.  (*See* Walsh Decl., Ex. B (Healy Tr.) at

4   73:1-3; Cushing Decl. ¶ 7.)  Sims testified that he did not complain or refuse to relocate and, in

5   fact, did commute for over four months to WorldPac's Texas facility.  (*See* Walsh Decl., Ex. A

6   (Sims Tr.) at 186:4-21; Ex B (Healy Tr.) at 77:19-78:23.)

7       Further, Plaintiff contends that he suffered injury as a result of the relocation to the

8   Texas office.  However, the undisputed evidence establishes that WorldPac asked Sims to

9   relocate to Texas, but never agreed to reimburse him for commuting expenses for the over four

10  months of time he decided he would commute.  (*See* Walsh Decl., Ex. B (Healy Tr.) at 87:14-

11  88:4.)  Accordingly, there is no evidence of misrepresentation or injury and the Court GRANTS

12  summary judgment on Plaintiff's claim for fraud as unsupported by the evidence.

13  **F.     Claims for Wrongful Termination.**

14      To establish a cause of action for wrongful termination, Plaintiff must prove that his

15  termination violated a policy that is: (1) fundamental; (2) beneficial for the public; and (3)

16  embodied in a statute or constitutional provision.  *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th

17  1238, 1256 (1994).  As Sims has been unable to prove any violation of FEHA, retaliation for his

18  deposition testimony, age discrimination, or for any other discriminatory or retaliatory reason,

19  the Court GRANTS summary judgment as to Plaintiff's claim for wrongful termination.

20                          **CONCLUSION**

21      For the foregoing reasons, the Court GRANTS Defendant's motion for summary

22  judgment.  The Court shall issue a separate judgment and the Clerk shall close the file.

23  **IT IS SO ORDERED.**

24  Dated:   August 19, 2014                                    _____

25                                                                                   JEFFREY S. WHITE
                                                                                     UNITED STATES DISTRICT JUDGE

26

27

28

8